**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **STEVEN RUBIS,**<br><br>**Plaintiff,**<br>**v.**<br><br>**ACCESS TELECARE, LLC,**<br><br>**Defendant.** | **Case No. 1:26-cv-07253** |

# COMPLAINT

Plaintiff Steven Rubis ("Plaintiff"), by and through his attorneys, the Law Offices of Joshua D. McCann, LTD, complains of the Defendant Access Telecare, LLC ("Defendant"), and states as follows:

## NATURE OF CASE

1. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.* ("ADEA"), the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"), the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* ("IWA"), and Illinois common law for Defendant discriminating against him on the basis of his age and gender, retaliating against him for protected whistleblowing activity, and tortiously interfering with his prospective economic advantage.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state-law claims is conferred by 28 U.S.C. § 1367.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d)

because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's conduct as alleged herein (attached hereto as "Exhibit A").

5. Thereafter, the EEOC sent Plaintiff a notice of right to sue (attached hereto as "Exhibit B").

6. Plaintiff has timely filed a complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

## PARTIES

7. Plaintiff is an individual who is more than 40 years of age and is currently a resident of Chicago, Illinois.

8. At all times relevant to the allegations herein, Defendant has been a foreign corporation organized under the laws of Delaware with its corporate headquarters in Dallas, Texas. Defendant may be served by serving its registered agent, CT Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under Title VII, the ADEA, the IHRA, and the IWA.

10. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII, the ADEA, the IHRA, and the IWA.

## FACTUAL ALLEGATIONS

11. Plaintiff rejoined Defendant on or about March 25, 2024, as a consultant and was promoted to full-time Chief of Staff in December 2024.

12. Plaintiff had previously served Defendant in high-level executive capacities, specifically as Vice President of Investor Relations and Interim Senior Vice President of Finance. Defendant explicitly sought out and rehired Plaintiff due to his deep familiarity with the company's financial structures and his specialized, elite background as a Wall Street finance professional.

13. In his prior executive tenures, Plaintiff was instrumental in stabilizing the company's financial tracking and corporate framework under then-CEO Chris Gallagher, directly contributing to the preservation of enterprise value that facilitated the company's ultimate acquisition by Patient Square Capital.

14. At all times relevant to the allegations herein, Plaintiff met Defendant's reasonable performance expectations when such expectations were applied equally, without regard to age or gender.

15. Joshua DeTillio joined Defendant in August 2025 as the Chief Executive Officer.

16. In August 2025, Plaintiff received a research report regarding Nutex Health Inc.'s coordinated fraudulent schemes to steal millions of dollars from insurance companies through its Independent Dispute Resolution ("IDR") process.

17. Josh DeTillio was the Chief Operating Officer at Nutex while these IDR processes were implemented, and Mr. DeTillio oversaw the implementation and management of the IDR process at Nutex, and Plaintiff became immediately concerned Mr. DeTillio may be trying to implement the same schemes with Defendant. Plaintiff distributed the report regarding Nutex and Mr. DeTillio's actions to Chris Gallagher, then

Chief Executive Officer of Access TeleCare via the company's Slack system in August 2025.

18. Mr. Gallagher shared Plaintiff's concerns and the report to Giulia Block, General Counsel, with the intention that it be brought to the attention of Patient Square Capital, the Private Equity firm that owns Access TeleCare and its representatives including but not limited to Karr Narula the leading member of Defendant's Board of Directors.

19. Despite performing well in his position and just 60 days after sharing his concerns regarding Mr. DeTillio's engagement in fraudulent actions, on October 10, 2025, Defendant terminated Plaintiff's employment without any previous discipline, notable counseling or coaching, or discipline, and gave his position to a substantially younger female individual.

20. Defendant claimed that Plaintiff's termination was part of a reduction in force necessitated by urgent financial circumstances. However, the "reduction" merely terminated two males, both over the age of 40.

21. Just 5 days later, Defendant announced the promotion of a younger female employee to "Vice President." Defendant admits in its EEOC Position Statement that this younger female absorbed Plaintiff's essential job duties.

22. Defendant did not offer Plaintiff a comparable job within the company, nor did it offer Plaintiff the opportunity to take a pay cut to alleviate the alleged financial constraints on the company.

23. Although the reduction in force effectively terminated more than one employee, Defendant did not provide Plaintiff with a list of the job titles and ages of all individuals selected and not selected for layoff, as is required by the Older Workers Benefits Protection Act, 29 U.S.C. § 626(f)(1)(H).

24. Furthermore, Defendant's contention that the layoff was due to urgent financial necessity is incongruent with the fact that, during the same week that Plaintiff was terminated, Plaintiff represented Defendant at an invite-only JPMorgan Healthcare Conference in New York City where he secured a direct pipeline to Charlotte Ivancic (Partner at Tarplin, Downs & Young, LLC), which opened a transformational CMS regulatory rulemaking strategy that the outgoing CEO explicitly labeled the most valuable corporate development in the company's 13-year history.

25. After Plaintiff's termination, Defendant retained Kirkland & Ellis to issue highly aggressive, non-public threats, falsely accusing Plaintiff of "Insider Trading" and "Regulation FD violations" regarding a basic LinkedIn professional update. Directly following these threats, and in response to Plaintiff's protected whistleblower commentary, Defendant completely rescinded Plaintiff's severance package and refused to provide the agreed-upon neutral position elimination letter.

26. Upon information and belief, Defendant, as well as Patient Square Capital, private equity owners of Access TeleCare, and Caesars Entertainment intentionally circulated these false accusations to potential employers of Plaintiff for whom Plaintiff had a reasonable expectation of entering into a business relationship with and with whom Defendant knew that Plaintiff was applying for new employment with. This includes with Ardent Health **(one of Access TeleCare's largest clients)**, Equinix, Vista Equity Partners, MGM Resorts International, Platinum Equity, Rehlko, and PSI Engines, among others.

27. Defendant published these false accusations relating to Plaintiff, and such accusations are assertions of fact, not expressions of opinion.

28. Plaintiff is a private figure, and Defendant acted with actual malice in making such statements with knowledge that the statements were false or with reckless disregard for its truth or falsity.

29. Due to Defendant's interference and defamation, Plaintiff was unable to secure employment with such employers, damaging him economically and reputationally.

**COUNT I**
**(TITLE VII – GENDER DISCRIMINATION)**

30. Plaintiff re-alleges paragraphs 1 through 20 and incorporates them as if fully set forth herein.

31. Title VII prohibits employers from discriminating against employees based upon gender regarding the material terms and conditions of employment.

32. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his gender when it terminated his employment without legitimate cause or justification and replaced him with a female individual.

33. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

35. Plaintiff demands to exercise his right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT I**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count I and that it:

i. Award Plaintiff equitable/injunctive relief as appropriate;

ii. Award Plaintiff the value of all actual damages proven at trial;

iii. Award Plaintiff compensatory damages to make him whole, including but not limited to, lost wages and damages for emotional distress;

iv. Award Plaintiff punitive damages (if available);

v. Award Plaintiff reasonable attorneys' fees, costs, and disbursements;

vi. Award Plaintiff any other relief this Court deems just and proper.

**COUNT II**
**(ADEA – AGE DISCRIMINATION)**

36. Plaintiff re-alleges paragraphs 1 through 31 and incorporates them as if fully set forth herein.

37. The ADEA prohibits employers from discriminating against employees more than 40 years of age during the course of employment on account of age.

38. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his age when it terminated his employment and replaced him with a significantly younger individual or individuals.

39. As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic losses.

40. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible age discrimination.

41. Plaintiff demands to exercise his right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count II and that it:

i. Award Plaintiff equitable/injunctive relief;

ii. Award Plaintiff the value of all actual damages to be proven at trial;

iii. Award Plaintiff compensatory damages to make him whole including, but not limited to, lost wages and other economic losses;

iv. Award Plaintiff liquidated damages;

v. Award Plaintiff reasonable attorneys' fees, costs, and disbursements;

vi. Award Plaintiff any other relief this Court deems just and proper.

**COUNT III**
**(IWA – WHISTLEBLOWER RETALIATION)**

42. Plaintiff re-alleges paragraphs 1 through 38 and incorporates them as if fully set forth herein.

43. The IWA prohibits an employer from retaliating against an employee because the employee discloses information, objects to, or refuses to participate in an activity that the employee reasonably believes violates a law, rule, regulation, or clearly mandated public policy.

44. Plaintiff engaged in protected activity when he reported, objected to, and/or refused to participate in Defendant's conduct that he reasonably believed violated law, rule, regulation, and/or clearly mandated public policy.

45. Defendant knew that Plaintiff engaged in protected activity and terminated Plaintiff's employment because of, and in retaliation for, that protected activity.

46. Defendant's stated reason for terminating Plaintiff was pretextual and was intended to conceal Defendant's retaliatory motive.

47. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, emotional distress, and other damages.

48. Plaintiff demands to exercise his right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT III**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count IV and that it:

i. Award Plaintiff equitable/injunctive relief as appropriate;

ii. Award Plaintiff the value of all actual damages proven at trial;

iii. Award Plaintiff compensatory damages to make him whole including, but not limited to, lost wages and damages for emotional distress;

iv. Award Plaintiff punitive damages (if available);

v. Award Plaintiff reasonable attorneys' fees, costs and disbursements;

vi. Award Plaintiff any other relief this Court deems just and proper.

**COUNT IV**
**(TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC ADVANTAGE)**

49. Plaintiff re-alleges paragraphs 1 through 45 and incorporates them as if fully set forth herein.

50. Plaintiff had a reasonable expectancy of entering into and/or continuing prospective business and economic relationships arising from the opportunities he created, cultivated, and advanced.

51. Defendant knew of Plaintiff's reasonable expectancy because it terminated Plaintiff's employment and was aware of potential employers for Plaintiff in his specific area of investor relations work.

52. Defendant intentionally and unjustifiably interfered with Plaintiff's reasonable expectancy by spreading false accusations relating to Plaintiff to potential employers.

53. But for Defendant's interference, Plaintiff reasonably expected that those prospective business and economic relationships would continue and would provide Plaintiff with economic and professional benefits.

54. As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered lost wages, lost economic opportunities, reputational harm, and other damages.

55. Plaintiff demands to exercise his right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT IV**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count V and that it:

a) Award Plaintiff the value of all actual damages proven at trial;

b) Award Plaintiff compensatory damages to make him whole including, but not limited to, lost wages, lost economic opportunities, reputational harm, and damages for emotional distress;

c) Award Plaintiff punitive damages (if available);

d) Award Plaintiff costs and any recoverable fees;

e) Award Plaintiff any other relief this Court deems just and proper.

**COUNT V**
**(DEFAMATION PER SE – PLEAD IN THE ALTERNATIVE TO COUNT VI)**

56. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Defendant made one or more false statements of fact concerning Plaintiff, as alleged above.

58. Defendant published the statement(s) to one or more third parties, as alleged above.

59. The statement(s) constitute defamation per se under Illinois law because the statement(s):

i. Impute the commission of a criminal offense to Plaintiff; and/or

ii. Impute inability to perform or want of integrity in the discharge of the duties of Plaintiff's office or employment; and/or

iii. Prejudice Plaintiff in Plaintiff's profession or trade; and/or

60. The statement(s) constitute defamation per se under Illinois law because the statement(s) cannot reasonably be innocently construed and are not reasonably susceptible of an innocent meaning.

61. The statement(s) are factual assertions, not constitutionally protected opinion.

62. Defendant acted with the requisite level of fault, as alleged above.

63. Because Defendant's statements constitute defamation per se, damages to Plaintiff's reputation are presumed as a matter of law.

64. As a direct and proximate result of Defendant's defamatory statements, Plaintiff has suffered and continues to suffer:

i. Injury to reputation;

ii. Humiliation, embarrassment, and emotional distress;

iii. Lost income and/or business opportunities in an amount to be proven at trial; and

iv. Other damages to be proven at trial.

65. Defendant's conduct was willful and wanton, committed with actual malice, and outrageous, entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF AS TO COUNT V**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count V and that it:

a) Award Plaintiff the value of all actual damages proven at trial;

b) Award Plaintiff compensatory damages to make him whole including, but not limited to, lost wages, lost economic opportunities, reputational harm, and damages for emotional distress;

c) Award Plaintiff punitive damages (if available);

d) Award Plaintiff costs and any recoverable fees;

e) Award Plaintiff any other relief this Court deems just and proper.

## COUNT VI
## (DEFAMATION PER QUOD – PLEAD IN THE ALTERNATIVE TO COUNT V)

66. Plaintiff incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

67. Defendant made one or more false statements of fact concerning Plaintiff, as alleged above.

68. Defendant published the statement(s) to one or more third parties, as alleged above.

69. Although the statement(s) may not be defamatory on their face, the statement(s) are defamatory when considered in light of the Plaintiff's position as an Investor Relations professional and that the recipients of the statements were potential employers.

70. The statement(s) cannot reasonably be innocently construed when the extrinsic facts are considered and are not reasonably susceptible of an innocent meaning.

71. The statement(s) are factual assertions, not constitutionally protected opinion.

72. Defendant acted with the requisite level of fault, as alleged above.

73. No privilege protects Defendant's publication of the statement(s), as alleged above.

74. As a direct and proximate result of Defendant's defamatory statements, Plaintiff has suffered the following special damages (itemized pecuniary losses) in the form of lost income and wages through job offers that were and would have been presented to Plaintiff not coming to fruition, including:

i. **Equinix (September 2025 to January 2026):** VP of Investor Relations, base salary of $298,000 to $446,000 annually, plus 30% annual cash bonus, plus 30% annual stock bonus, for total comp range of $476,800 to $713,600. Plus an upfront equity

grant of an unknown amount. In September of 2024, Plaintiff made comments to Dr. Chris Gallagher via the Access Telecare Slack system that Plaintiff was interviewing for this role and explicitly mentioned the salary range. Plaintiff conducted an interview with HR on or around October 13, 2025, and was then passed on despite having several prominent Sell-Side Equity Analysts make personal references to the hiring manager on my behalf. Plaintiff was dropped from the process once the retaliatory actions undertaken by Access in regards to my LinkedIn post occurred in late October 2025.

ii. **Ardent Health (July to August 2024):** VP of Investor Relations, annual base salary of $250,000 to $300,000, plus 30% annual cash bonus, plus 30% annual stock bonus. Total annual comp range of $400,000 to $480,000. Plaintiff was abruptly rejected from this role after an interview with Ellen Havdala, an Ardent Board of Directors member, was abruptly canceled minutes prior to starting, directly following Defendant's tortious dissemination of false accusations.

iii. **MGM Resorts International (October / November 2024):** VP of Investor Relations, annual base salary of $240,000 to $260,000, plus 30% annual cash bonus and 30% annual stock bonus, for a total annual comp range of $384,000 to $416,000.

iv. **Platinum Equity / Rehlko (April to June 2026):** Vice President of Investor Relations, annual base salary of $280,000 to $300,000, plus 30% annual cash bonus, plus unknown annual equity and upfront equity grant. Total annual known compensation range of $364,000 to $390,000.

v. **PSI Engines (April 2026):** Investor Relations Consultant at an hourly rate of $125 per hour.

75. Defendant's conduct was willful and wanton, committed with actual malice, and outrageous, entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF AS TO COUNT VI**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count VI and that it:

a) Award Plaintiff the value of all actual damages proven at trial;

b) Award Plaintiff compensatory damages to make him whole including, but not limited to, lost wages, lost economic opportunities, reputational harm, and damages for emotional distress;

c) Award Plaintiff punitive damages (if available);

d) Award Plaintiff costs and any recoverable fees;

e) Award Plaintiff any other relief this Court deems just and proper.

Respectfully submitted,

**LAW OFFICES OF JOSHUA D. MCCANN, LTD**
Joshua D. McCann (ARDC No. 6294730)
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103 | (847) 895-0626
Jdmccann@chicagolegalcounsel.com

**ATTORNEY FOR PLAINTIFF STEVEN RUBIS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN RUBIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-07253** |
| | ) | |
| **ACCESS TELECARE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA | |
| [X] EEOC | |

and EEOC

State or local Agency, if any — S.S. No.

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Steven A. Rubis | [redacted] | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| [redacted] | | [redacted]1981 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Access Telecare, LLC | 500+ | (972) 449-0540 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1717 Main St., Ste. 5850 | Dallas, Texas 75201 | Dallas |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [X] AGE
[ ] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): August 4, 2025 — LATEST (ALL): October 10, 2025

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent on or around March 25, 2024 as a Consultant. My most recent position being full-time Chief of Staff.

Respondent terminated my employment without legitimate cause or justification, and gave my duties to a younger, female employee, who it concurrently promoted.

I believe that I have been discriminated against on the basis of my gender and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 et seq. ("ADEA"), respectively.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

11/6/25 — [signature]

Date — Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN RUBIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-07253** |
| | ) | |
| **ACCESS TELECARE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/23/2026

**To:** Mr. Steven A. Rubis
[redacted]

Charge No: 450-2026-02638

EEOC Representative and email: MAYELA JACKSON
EO INVESTIGATOR BILINGUAL
MAYELA.JACKSON@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2026-02638.

On behalf of the Commission,

Digitally signed by Mayela Jackson
Date: 2026.03.23 14:38:58 -05'00'

Travis Nicholson
District Director

**Cc: VIA EEOC PORTAL**

Andrew M Fernandez
Littler Mendelson, P.C.
Amfernandez@littler.com

Michael T Smith Esq.
Law Offices of Michael T. Smith & Associates, P.C.
Msmithlaw123@gmail.com

Please retain this Notice for your records.